UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KELLY MASTERS,

             Plaintiff,                        CIVIL ACTION NO. 10-11546

          v.                           DISTRICT JUDGE JOHN CORBETT O'MEARA

CITY OF EASTPOINTE, MARK        MAGISTRATE JUDGE VIRGINIA MORGAN
ALLEN, JOHN DOE, JOSEPH WILLETT,
and BRIAN ARDMAN,

             Defendants.
_____/


**REPORT AND RECOMMENDATION**
**TO GRANT IN PART DEFENDANT'S SECOND MOTION FOR SANCTIONS (#28)**
**AND TO DISMISS ACTION WITHOUT PREJUDICE AND WITHOUT COSTS**


**I. Introduction**

      Plaintiff filed this action alleging a deprivation of civil rights in violation of 42 U.S.C. §

1983 and a conspiracy to violate § 1983 (D/E #1).  Plaintiff claims that the City, Officer Allen,

Officer Doe, and the private individuals Willett, and Ardman (alleged to be paid informants)

violated his rights in that they conspired to have him arrested without probable cause in order to

extort money from him.[1]  Defendants City of Eastpointe and Allen bring this Second Motion for

Sanctions (D/E #28) and oral argument was heard February 16, 2011.[2]  For the reasons

discussed at the hearing and below, this court recommends that defendants' Second Motion for

---

      [1]Defendant Willett has been served, but has failed to file an answer, while defendant
Ardman and the John Doe defendant have not yet been served.

      [2]  A Third Motion for Sanctions (D/E #33) has not been referred to this court.

Sanctions be **GRANTED IN PART,** and that plaintiff's complaint be dismissed without prejudice and without costs.

As is shown below in summary form, plaintiff has failed to comply with the scheduling order and the case is unable to go forward. At oral argument, plaintiff's counsel apologized, stated that he was going to withdraw as counsel, and that his client had no objection. He indicated that another lawyer may take over the case, but no lawyer has been identified. Because minimal if any discovery has occurred, and a new lawyer is likely to be adversely affected in strategy by the current posture of the case and the pending motions for sanctions, it is recommended that the case be dismissed without prejudice and without costs. The statute of limitations has not run and if plaintiff chooses to refile the action here or in state court, he has time to do so.

## II. Background

On April 16, 2010, plaintiff, through counsel Timothy Barkovic filed this action, alleging that defendant Allen, a City of Eastpointe policeman, along with other unidentified police officers, conspired with private persons defendants Ardman and Willett, who are alleged to be paid informants for the City of Eastpointe Police Department, to arrest plaintiff without probable cause in order to extort money from him. Plaintiff also alleges that he was subsequently acquitted of all charges[3], though he did suffer a long period of incarceration and beatings during his incarceration. With respect to the City, plaintiff alleges that the individual defendants acted in accordance with the City of Eastpointe's customs and that the city failed to supervise Allen and the others, thereby implicitly approving of their actions. The four counts in plaintiff's

---

[3]The court understands that Mr. Barkovic represented him at those criminal proceedings.

complaint are: Count I, deprivation of civil rights in violation of 42 U.S.C. § 1983; Count II, conspiracy to violate § 1983; Count III, abuse of process/false arrest; and Count IV, malicious prosecution.

On May 13, 2010, the  the Honorable John Corbett O'Meara declined to exercise supplemental jurisdiction over Counts III and IV, and ordered those claims dismissed (D/E #3). On July 29, 2010, Judge O'Meara issued a scheduling order stating that all discovery is due by March 18, 2011 and setting the dispositive motion cut-off for May 13, 2011 (D/E #8).[4]

Discovery was initiated by defendants City of Eastpointe and Allen, and on September 29, 2010, they moved to compel more specific answer to interrogatories and requests for production of documents (D/E #10).  Defendants argued that plaintiff failed to respond timely to defendants' discovery requests and the responses were evasive and incomplete.  The court set the matter hearing (D/E #12) but cancelled it when plaintiff failed to respond as ordered to by the court.  The court granted defendants' motion (D/E #13).  Plaintiff was ordered to "provide full and complete answers to Defendants' Interrogatory Nos. 2, 4 through 6, 9, 10 through 11, 17 through 22, 27 and Request for Production of Documents Nos. 3 through 7, 10 through 15, 18 through 20, 23 through 32, and 42 through 43 on or before October 27, 2010."  (D/E #13, p. 2) Plaintiff did not do so, and on November 10, 2010, defendants filed a first motion for sanctions (D/E #16) to strike plaintiff's claims and causes of actions.  On December 1, 2010, plaintiff responded, and argued that subsequent to the filing of the motion for sanctions, he complied with the discovery requests and this court's order to the best of his ability.  (D/E #19) On December 8,

---

[4]Judge O'Meara later extended the scheduling order stating that all discovery was due by May 2, 2011, and setting the dispositive motion cut-off for May 13, 2011 (D/E #21).

2010, defendants filed a reply to plaintiff's response (D/E #20), contending plaintiff's arguments were untimely and that he needed to be sanctioned for his previous conduct.

That motion for sanctions was referred to this court and the matter was set for hearing on December 17, 2010 (D/E #18) Again, no hearing was held on that date; this time because counsel advised the court that they had resolved the dispute and would submit a proposed order on the first discovery requests.  The subsequent agreed-upon order provided that: "Plaintiff shall provide full and complete Answers to Defendants' Interrogatory Nos. 2 through 4, 6, 9, 10 through 11, 17 through 22, 27 and Request for Production of Documents Nos. 3 through 7, 10 through 15, 18 through 20, 23 through 32, and 42 through 43 on or before December 31, 2010." (D/E #25).

Defendants also propounded a second request for production of documents.  On December 23, 2010, defendants moved to compel answers to their second request for production of documents (D/E #21), stating plaintiff completely failed to respond to that request by providing either documents or objections.  That motion was referred to this court (D/E #22). Plaintiff was to file a response by January 6, 2011; hearing was set for January 19, 2011 (D/E #23).  However, plaintiff failed to file a response or appear at the hearing.  This court then granted the motion to compel, ordering that the second request for documents be responded to by January 26, 2011 (D/E #30, p. 1).  This court also ordered that "[p]laintiff shall respond to all outstanding discovery requests forthwith and appear for deposition on or before March 30, 2011."  (D/E #30, p. 1)  Furthermore, this court stated: "[i]f Plaintiff does not respond to the

-4-

pending discovery requests and have his deposition by March 30, 2011, then it is recommended that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 37." (D/E #2).[5]

On January 18, 2011, defendants filed their second motion for sanctions, which is pending before the court (D/E #28). In that motion, defendants assert that plaintiff has failed to supplement his discovery responses as required in the stipulated order resolving defendants' first motion for sanctions. According to defendants, while plaintiff supplemented some answers, plaintiff failed to provide full and complete answers. Defendants further state that the supplemental responses refer to other, unproduced documents and that plaintiff failed to comply with Local Rule 26.1 by quoting the discovery request above the response. As relief, defendants seek an order striking plaintiff's claims and causes of action pursuant to Fed. R. Civ. P. 37(b). Defendants also seek their fees and costs. Following referral (D/E #29), this court ordered plaintiff to provide a response to the motion by February 8, 2011 and set a motion hearing for February 16, 2011 (D/E #32). Plaintiff failed to file a response to defendants' second motion for sanctions. On February 16, 2011, a hearing was held with respect to the motion. At that hearing, plaintiff's counsel apologized for failing to appear at past hearings and comply with discovery, indicated that it was a staffing issue and he had terminated his employee, and indicated a desire to withdraw as counsel in this matter. Plaintiff's counsel also stated that plaintiff was "fine" with the withdrawal. Defense counsel did not object.

---

[5]In plaintiff's third motion for sanctions (D/E #33), defendants City of Eastpointe and Allen represent that plaintiff has not complied with this court's order of January 20, 2011. That third motion for sanctions has not been referred to this court.

## III. Discussion

Defendant City and Ofc. Allen seek dismissal of plaintiff's claims against them pursuant to Fed. R. Civ. P. 37 as a sanction for plaintiff failing to cooperate in discovery or comply with court orders.[6]  In addition to the discovery issues identified by those two defendants, issues regarding service, liability, and representation are also present.  Given all of the outstanding issues complicating this case, this court recommends that plaintiff's complaint be dismissed without prejudice and without costs.

A federal court has the authority to dismiss a lawsuit pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 42, or its own inherent powers if the plaintiff fails to comply with the rules or the court's orders governing discovery.  First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).  "[T]he factors considered when reviewing a dismissal under Rule 41(b), Rule 37(b), or a court's inherent power are largely the same."  Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 n. 1 (6th Cir. 1994).  Although "none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir.2008) (internal quotation omitted).  Factors to consider include:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[6]Technically, defendants only request an order striking the claims and causes of action related to their discovery requests.  However, as such an order would encompass all of plaintiff's claims, it is clear that defendants are seeking dismissal as a sanction.

Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).  Moreover, those factors have

been applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for

the dismissal."  Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir. 1997).

      In this case, while plaintiff's failures in discovery have been frequent, it is not clear that

they are due to willfulness, bad faith or fault.  It is also not clear whether defendants have been

prejudiced.  While discovery has not been provided in a timely fashion, the discovery deadline

was recently extended by Judge O'Meara to May 2, 2011 (D/E #31).  Similarly, while the motion

requests expenses, no amount is specified.  Plaintiff was been warned that failure to cooperate in

discovery or compel with court orders could lead to dismissal, but that express warning was

given in a court order entered two days after defendants filed this second motion for sanctions.

Additionally, outside of ordering supplemental responses to discovery requests, less drastic

sanctions have not been imposed.  Imposing costs has been considered, but no such order has

been entered.  In light of the above factors, sanctioning counsel by dismissing the action with

prejudice avoids the duty of the court to determine cases on the merits where possible and

unfairly prejudices plaintiff.

      In addition to those discovery problems, issues also exist with respect to the other

defendants in this matter.  For example, defendant Ardman has not yet been served.  The Federal

Rules of Civil Procedure Rule 4(c)(1) provides that a plaintiff is responsible for serving the

summons and complaint within the applicable time period.  Without such personal service, a

district court is without jurisdiction to render judgment against a defendant.  Friedman v. Estate

of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991).  The time limit for service of process is 120 days

after the filing of the complaint.  Fed. R. Civ. P. 4(m).  "Absent a showing of good cause to

justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."

-7-

Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), citing Habib v. Gen. Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994). Here, the deadline for serving Ardman has long since passed and plaintiff has not made a showing a good cause to justify that failure to serve. Similarly, plaintiff has not specifically identified the John Doe defendant and therefore service has not been effectuated on that unnamed defendant. Defendant Willett has been served, but he has failed to file an answer and the deadline for filing a timely answer has expired (D/E #9). However, while defendant Willett should have filed an answer by September 21, 2010, plaintiff has not moved for entry of default or default judgment against Willett pursuant to Fed. R. Civ. P. 55. If plaintiff chooses to re-file the action, they can be given new notice and discovery begun on a schedule for all defendants.

Because Willett and Ardman are private actors, it is not clear that they would be proper defendants under § 1983 and so default judgment may not be appropriate even if pursued. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted, emphasis added). One acts under color of state law when one exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, then the defendant is considered to be acting under color of state law. West, 487 U.S. at 49; Lugar v. Edmondson Oil Co., 457 U.S. 922, 928, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Here, however, plaintiff only claims that Ardman and Willett were paid informants and the Sixth Circuit has declined "'to establish a *per*

-8-

*se* rule that the activities of paid government informants must always be considered government action."'  Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994) (quoting Ghandi v. Police Department, 823 F.2d 959, 963 (6th Cir. 1987)).  Instead, the court must "look to all the facts to determine whether a paid government informant 'may fairly be said to be a [government] actor ... because he has acted together with or has obtained significant aid from [government] officials, or because his conduct is otherwise chargeable to the State.'"  Hiser, 42 F.3d at 964 (quoting Lugar, 457 U.S. at 937).  Given the conclusory and brief allegations regarding state action found in the complaint, it is questionable whether the private defendants would be proper defendants under § 1983, but a new complaint could address those concerns if the action were refiled..

Similarly, it is not clear that the City of Eastpointe would be liable in this action.  Under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality may only be liable to a plaintiff under § 1983 if the plaintiff demonstrates that a constitutional violation occurred and that it was the result of a "policy or custom" of the municipality.  Monell, 436 U.S. at 694.  Here, while plaintiff does state that the other defendants were agents of the City of Eastpointe and that they acted in a manner consistent with the city's laws, ordinances, customs and regulations, plaintiff does not identify any actual policy or custom in the complaint.

Finally, this court would note that plaintiff's counsel indicated at the February 16, 2011 hearing that he wished to withdraw as counsel and that plaintiff had no objection to counsel withdrawing.  Plaintiff's counsel then requested three weeks for plaintiff to find a new attorney. Counsel for defendants City of Eastpointe and Allen did not object to the withdrawal.

-9-

Given all of the above issues regarding discovery, service, defaults, liability and representation, this court recommends that complaint be dismissed without prejudice and without costs.  While plaintiff's conduct during discovery may not warrant dismissal as a sanction, it has raised procedural issues and pending sanctions motions that are best resolved as moot with a dismissal without prejudice.   The conduct combined with the myriad of other complications in this case suggests that the matter should simply be dismissed without prejudice.  The statute of limitations on plaintiff's claims has not run out on plaintiff's claims and, therefore, plaintiff may be able to find a new lawyer and file a new complaint if he wishes.  Moreover, that new lawyer could determine what claims to bring without facing a number of outstanding discovery requests. Defendants, to the extent they have been identified and served, would suffer minimal prejudice if any.

**IV. Conclusion**

For the reasons discussed above, the court recommends that defendants' Second Motion for Sanctions be **GRANTED IN PART**, and that plaintiff's complaint be dismissed without prejudice and without costs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

-10-

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

<u>S/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: February 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 23, 2011.

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan